STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorney
General Crimes Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-4443
    Facsimile: (213) 894-0141
    E-mail:   lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 00-1220-SVW-2 |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO THE COURT'S INQUIRY REGARDING TRAVEL MODIFICATION TO TERMS OF SUPERVISED RELEASE |
| v. | |
| OZINE BRIDGEFORTH, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Lindsey Greer Dotson, hereby files its Response to the Court's Inquiry Regarding Travel Modification to Terms of Supervised Release.

    On November 3, 2014, the Court held a hearing regarding Defendant Ozine Bridgeforth's Motion to Terminate Supervised Release (dkt no. 408).  At the hearing, the Court requested that the Government file a brief response regarding whether a travel modification to Defendant's terms of supervised release would be

possible, wherein Defendant could travel intrastate[1] for employment without advance notice to Defendant's probation officer ("USPO"), if advance notice were not possible.  At present, Defendant is not permitted to travel outside of the Central District of California without advance notice and the permission of the USPO.

    Based on the attached declaration of Defendant's USPO, Michelle Armstrong, advance notice is required, per United States Probation Office policy, before the USPO can authorize travel.  However, to accommodate Defendant's travel needs for employment, the USPO here would be amenable to requiring only 24 hours' advance notice when intrastate travel is required by Defendant's employer.

Dated: November 5, 2014        Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

      /s/
LINDSEY GREER DOTSON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[1] The Court's inquiry related only to intrastate travel within California.  The Court did not address, nor request a response regarding, interstate travel outside of California.

<u>DECLARATION OF MICHELLE ARMSTRONG</u>

I, MICHELLE ARMSTRONG, declare as follows:

1. I am a United States Probation Officer ("USPO") with the United States Probation Office in the Central District of California. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. I am currently the USPO assigned to monitor Defendant Ozine Bridgeforth on supervised release in the matter of <u>United States v. Bridgeforth</u>, case no. CR 00-1220-SVW-2.

3. Advance notice to the USPO is required before travel will be approved by the USPO. According to United States Probation Office policy as outlined in the Supervision Policy and Procedure Manual (relevant excerpt attached hereto as Exhibit A), advance notice to the USPO is required, because "[b]efore allowing travel outside of the District, [the USPO] must check travel restrictions or travel requirements in the destination district (<u>PPSNOD online directory</u>), make an assessment of third-party risks and/or other risks posed by travel, and determine if the offender is in compliance with the conditions of supervision."

4. However, to accommodate Defendant's travel needs for employment, the USPO here would be amenable to requiring only 24 hours' advance notice when intrastate travel is required by Defendant's employer.

///

///

///

1. I declare under penalty of perjury under the laws of the United
2. States of America that the foregoing is true and correct and that
3. this declaration is executed at Los Angeles, California, on November
4. 5, 2014.

_____
MICHELLE ARMSTRONG

# EXHIBIT A

## TRAVEL - OUTGOING

References: The Supervision of Federal Offenders, Monograph 109, <u>Chapter 4, p. 35</u>
<u>Central District of California Travel Policy</u>
<u>Central District of California Relocation Policy</u>
U. S. Parole Commission's Rules and Procedures Manual, <u>Section 2.41</u>
<u>Online Directory of U.S. Probation Offices</u>

TRAVEL OUTSIDE THE DISTRICT

Travel Restrictions

Absent compelling reasons to the contrary, no leisure travel is granted within the initial assessment period. Travel should be restricted for offenders who are in violation status; have outstanding financial obligations, are in treatment programs, have a history of sex offenses, and/or have travel otherwise identified as a risk issue.

Excessive travel is inconsistent with good supervision. Travel authorization should not be given to offenders who are not in compliance. Before allowing travel outside of the District, officers must check travel restrictions or travel requirements in the destination district (<u>PPSNOD online directory</u>), make an assessment of third-party risks and/or other risks posed by travel, and determine if the offender is in compliance with the conditions of supervision.

Travel within country is utilized for short-term trips including emergency, vacation, employment search and locating residence. Permission to travel can be authorized by assigned officer, SUSPO, or OD in case of emergency.

Offender submits written request to officer two weeks in advance (<u>Travel Request Form</u>). If approved, Permission to Travel (<u>PROB 37</u>) must be completed for all out-of-District travel, outlining the dates, location and purpose of the travel. Special directions and expectations for the offender should be outlined on the travel permit. A copy of the permit must be provided to the offender, the destination district, and a copy maintained in the case file. Offender is required to contact officer upon return. If offender on Electronic Monitoring (EM), notify EM officer to make arrangements to unhook equipment during travel.

COURT AUTHORIZED TRAVEL

If the Court authorizes permission to travel, the offender is still required to submit a <u>Travel Request Form</u> and receive a <u>Permission to Travel</u> form from the Officer.

NOTE: Officer must make chronological entries reflecting all above activities.